[No. 23769. Department One. October 13, 1932.]

THE CITY OF SEATTLE, *Respondent*, v. BOB STRANG, *Appellant*.[1]

*D. E. Twitchell* and *Fred R. Boynton*, for appellant.

*A. C. Van Soelen, Bruce MacDougall,* and *C. V. Hoard,* for respondent.

PARKER, J.—Before a justice of the peace of Seattle precinct of King county, sitting as the police justice of the city of Seattle, the defendant, Strang, was charged and convicted of the violation of the city's traffic ordinance, in that he unlawfully drove an automobile along Eastlake avenue in the city at a speed in excess of twenty-five miles per hour. Strang thereupon appealed from that conviction to the superior court for King county, wherein he had a new trial, as the law provides upon such an appeal, and was again convicted. He thereupon appealed from that conviction to this court.

There is no room for controversy over the controlling facts. Eastlake avenue is a duly established arterial highway of the city of Seattle. Along or near

[1]Reported in 14 P. (2d) 1112.

the side lines of the avenue, at streets intersecting it, there are appropriate stop signs warning traffic about to enter it to stop. The city has not placed any signs upon or near the avenue giving notice of any special local regulation permitting increased speed thereon in excess of the general twenty-five mile per hour speed limit prescribed by the state law and the city ordinance. Nor have the city authorities made any such local regulations, as they are authorized to do by the state law.

Section 3 of chapter 309, Laws of 1927, p. 770 (Rem. 1927 Sup., § 6362-3), our present motor vehicle operation law, prescribes generally that the automobile speed limit shall be ''twenty-five miles an hour within the limits of any incorporated city or town;'' that ''local authorities in their respective jurisdictions are hereby authorized in their discretion to increase the speed,'' which is permissible generally, upon certain highways within the city; and that

''Local authorities shall place and maintain upon all highways, upon which the permissible speed is increased, adequate signs giving notice of such special regulations.''

Section 92 of the traffic ordinance of the city of Seattle, here in question, provides that

''It shall be unlawful to drive or operate within the corporate limits of the city a vehicle at a rate of speed faster than twenty-five miles per hour;''

and further, that

''. . . speed not to be greater than twenty-five miles per hour except on arterial highways when properly signed according to the state vehicle code.''

It is contended in behalf of Strang, as we understand his counsel, that the city, having established Eastlake avenue as an arterial highway and having placed stop signs at appropriate places on or near its side lines at streets intersecting it, has, in

effect, increased the permissible speed limit upon the avenue to forty miles per hour, the extreme limit prescribed by the state law. We cannot agree with this contention. The "local authorities," that is, the city authorities, have not only failed to place "adequate signs giving notice of such special regulations," but have not prescribed in any manner such special regulations. Clearly, we think Strang violated the city ordinance when he drove an automobile along Eastlake avenue at a speed of thirty-five miles per hour.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.